# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: T.T. and T.T.**

**No. 13-1147** (Nicholas County 12-JA-27 and 12-JA-28)

**FILED**

April 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Father, by counsel Sarah Campbell, appeals the Circuit Court of Nicholas County's October 7, 2013, order denying his "Motion to Transfer Children to [Petitioner] Father's Home." The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William Jones, filed its response in support of the circuit court's order. The guardian ad litem, Linda Garrett, filed a response on behalf of the children that supports the circuit court's order. On appeal, Petitioner Father alleges that the circuit court erred in denying him custody of T.T. and T.T.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2011, the Bureau for Child Support Enforcement ("BCSE") filed a petition seeking child support in the Family Court of Nicholas County for T.T. and T.T. Following a final hearing, the family court ordered Petitioner Father to pay child support in the amount of $709.54 per month.[1] Additionally, the family court adopted the mother's parenting plan, which did not grant Petitioner Father any custodial or visitation rights with the children.

In June of 2012, the DHHR filed an abuse and neglect petition against Petitioner Father, the children's mother, and the mother's boyfriend.[2] The petition alleged that domestic violence between their mother and her boyfriend occurred in the presence of the children.[3] The next month, Petitioner Father moved the circuit court to dismiss him from the proceedings because he

---

[1] Petitioner Father did not respond to the petition for child support or make an appearance in the family court proceeding.

[2] Petitioner Father resided in Louisiana at the time the petition was filed.

[3] The mother has three older children who are T.T. and T.T.'s step-siblings. The three older children, while part of the DHHR's petition before the circuit court, are not subject to this appeal.

was a non-offending father. In July of 2012, the DHHR amended the abuse and neglect petition to reflect that Petitioner Father was a non-offending parent.

After adjudicating the children's mother as an abusive and/or neglectful parent, the circuit court reduced Petitioner Father's monthly child support obligation to $50 per month. The circuit court further ordered the DHHR to initiate a Regulation 7 Priority Placement Home Study in accordance with the Interstate Compact on the Placement of Children ("ICPC"), to determine if Petitioner Father's home was an appropriate placement for the children. This home study was approved stating that "[Petitioner Father's] home met minimal standards." However, prior to transferring custody of T.T. and T.T. to Petitioner Father, the circuit court ordered all of the children to submit to a psychological evaluation to determine their best interests.

Following the termination of the mother's parental rights, the circuit court held a permanency hearing on April 15, 2013. Eric Walls, a supervised psychologist, testified that all the children have a strong bond with one another. Mr. Walls also testified that separating the children "would likely be particularly detrimental to the [step-siblings]." Tiffany Garrett, also a supervised psychologist, testified that it would be "detrimental to [the step-sibling's] psychological and emotional welfare to separate the children."

Following the permanency hearing, the circuit court determined that additional evidence was needed regarding the issue of sibling separation and directed the parties to thoroughly brief the issue. Also, due to a change in Petitioner Father's living arraignments, the circuit court directed the DHHR to initiate another ICPC home study of Petitioner Father's home.

The circuit court heard additional testimony during the continued hearing on July 2, 2013. This included testimony that Petitioner Father owed $568.74 in child support arrears, that Petitioner Father has an active child protective services ("CPS") case in Louisiana, that Petitioner Father's ex-fiancé was the primary caretaker of the children when they visited with him, and that the children have lived with their maternal grandmother and step-siblings for more than one year.

The second ICPC home study denied Petitioner Father placement of the children. The report states that Petitioner Father's home only has two bedrooms, with one adult and two children currently residing in the home. Furthermore, Petitioner Father admitted that he has failed to address the special needs of the children currently in the home, and the Louisiana Department of Children and Family Services is concerned that the addition of these children, who both have special needs, would strain the family. Following oral argument, the circuit court denied Petitioner Father's "Motion to Transfer Children to [Petitioner] Father's Home." It is from this order that Petitioner Father now appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a

reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, Petitioner Father argues that the circuit court erred in denying him custody of T.T. and T.T. in light of our holding in *Honaker v. Burnside*, 182 W.Va. 448, 388 S.E.2d 322 (1989). Petitioner Father argues that it is in the best interest of the children that he be granted custody because he is a non-offending father and his rights to the custody of his children are paramount to those of any other person.

Petitioner Father's reliance on *Honaker* is misplaced. In Syllabus Point 1 of *Honaker* this Court reiterated that

> "[a] parent has the natural right to the custody of his or her infant child and, unless the parent is an unfit person because of misconduct, neglect, immorality, abandonment or other dereliction of duty, or has waived such right, or by agreement or otherwise has transferred, relinquished or surrendered such custody, the right of the parent to the custody of his or her infant child will be recognized and enforced by the courts." Syl. Pt. *Whiteman v. Robinson,* 145 W.Va. 685, 116 S.E.2d 691 (1960).

Upon our review, the Court finds no error in the circuit court's order denying Petitioner Father custody of the subject children. The evidence before the circuit court established that Petitioner Father was an unfit parent due to the dereliction of his parental duties. Petitioner Father failed to regularly visit with his children, owes $568.74 in child support arrears, and does not have a strong bond with either child. Furthermore, the circuit court heard testimony that Petitioner Father has an active CPS case in Louisiana. The circuit court also heard testimony that Petitioner Father allegedly engaged in domestic violence, abused alcohol, and used corporal punishment. Additionally, the Louisiana Department of Children and Family Services did not recommend placement of T.T. and T.T. with Petitioner Father. "As we said in 1925, 'we must not lose sight of the rule that obtains in most jurisdictions at the present day, that the welfare of the child is to be regarded more than the technical legal rights of the parent.'" *Brooke B. v. Ray C. II*, 230 W.Va. 355, 362, 738 S.E.2d 21, 28 (2013) (quoting *Conner v. Harris*, 100 W.Va. 313, 317, 130 S.E. 281, 283 (1925)). For these reasons, the circuit court did not err in finding that it was in the children's best interest to deny Petitioner Father placement of T.T and T.T.

For the foregoing reasons, we find no error in the decision of the circuit court and the October 7, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: April 28, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II